# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR PENA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>C. MARTIN, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:10-cv-01339-SKO PC<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983<br><br>(Doc. 1)<br><br>ORDER COUNTING DISMISSAL AS A STRIKE UNDER 28 U.S.C § 1915(G) |

**Screening Order**

**I.    Screening Requirement**

　　Plaintiff Victor Pena, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 26, 2010.  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 129 S.Ct. at 1949; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**II.     Motion for Appointment of Counsel**

In his complaint, Plaintiff seeks the appointment of counsel. Plaintiff does not have a constitutional right to the appointment of counsel in this action. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). While the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), it will do so only if exceptional circumstances exist. Palmer, 560 F.3d at 970; Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1981). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. Palmer, 560 F.3d at 970 (citation and quotation marks omitted); Wilborn, 789 F.2d at 1331. Neither consideration is dispositive and they must be viewed together. Palmer, 560 F.3d at 970 (citation and quotation marks omitted); Wilborn 789 F.2d at 1331.

In the present case, the Court does not find the required exceptional circumstances. For the reasons set forth in the following section, Plaintiff's complaint fails to state a claim for relief under section 1983 and the deficiency is not curable through amendment. Because Plaintiff was amply able

to articulate his claim, but the claim fails as a matter of law, the appointment of counsel is not warranted and Plaintiff's motion is denied.[1]

### III. Plaintiff's Due Process Claim

Plaintiff's claim arises out of the loss of his quarterly package by staff at California State Prison-Corcoran. Plaintiff's package, which had been ordered by his family from Walkenhort's, was received at the prison on December 3, 2007, by Correctional Officer C. Martin. Plaintiff was scheduled for transfer to High Desert State Prison and he was assured that his package would be forwarded to him, but he never received it. Plaintiff alleges the violation of several state regulations, and he seeks damages and equitable relief based on the loss of his package.

The failure of prison officials to follow state regulations does not support a claim under section 1983, which provides redress for violations of the Constitution or other federal rights. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009). The Due Process Clause of the Fourteenth Amendment of the United States Constitution protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974), and prisoners have a protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, the Due Process Clause is not violated by a random, unauthorized deprivation of property if the state provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194 (1984); Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994). Plaintiff has an adequate post-deprivation remedy under California law and therefore, his attempt to pursue a claim under federal law for the loss of his quarterly package fails as a matter of law. Barnett, 31 F.3d at 816-17 (citing Cal. Gov't Code §§810-895).

### IV. Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. Because the deficiency is not capable of being cured through amendment, dismissal without

///

---

[1] Plaintiff also seeks the appointment of an investigator, but the Court has no ability to appoint an investigator even if Plaintiff's claim had been potentially meritorious. Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989).

leave to amend is appropriate. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

      Accordingly, it HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel is DENIED;
2. This action is DISMISSED, with prejudice, for failure to state a claim under section 1983; and
3. This dismissal shall count as a strike under 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

**Dated:**   **June 21, 2011**           /s/ Sheila K. Oberto
                                                       UNITED STATES MAGISTRATE JUDGE